UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETROIS TERRELL DIXSON,

      Petitioner,

    v.

JEFFREY BEARD, ,

      Respondent.

Case No.  14-cv-05069-CW (PR)

ORDER DENYING MOTION FOR
LEAVE TO PROCEED AS "NEXT
FRIEND"

Petitioner, Demetrois Terrell Dixson, an inmate incarcerated at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction from the Alameda County Superior Court.  In an Order dated January 12, 2015, the Court directed Respondent to show cause why the petition should not be granted.  Respondent has filed a motion to dismiss the petition on the grounds that it is procedurally defaulted or, in the alternative, that it is untimely.  In an Order dated August 5, 2015, the Court granted Petitioner's request for a sixty-day extension of time to file his opposition.  Petitioner has since filed a motion for leave to grant a friend, James C. Lewis, leave to file papers and assist Petitioner in the instant matter as his "next friend."  (Docket No. 16.)

A person other than the detained person may file an application for a writ of habeas corpus and establish standing as a "next friend."  Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained

person, who remains the real party in interest."  Id.   There are

two firmly rooted prerequisites to "next friend" standing:

> First, a next friend must provide an adequate
> explanation--such as inaccessibility, mental
> incompetency, or other disability--why the real
> party in interest cannot appear on his own behalf to
> prosecute the action.  Second, the next friend must
> be truly dedicated to the best interests of the
> person on whose behalf he seeks to litigate and it
> has been further suggested that a next friend must
> have some significant relationship with the real
> party in interest.  The burden is on the next friend
> clearly to establish the propriety of his status and
> thereby justify the jurisdiction of the court.

Id. at 163-64 (citations omitted).  Petitioner has not met the

first prong.  He does not show inaccessibility, mental

incompetency,[1] or other disability.  Rather, his request seems to

be based on the fact that because he is incarcerated in a

"private prison outside of California" and pro se, it takes extra

time to send work product to and from Mr. Lewis, who is not an

attorney[2] but who "informally" assisted Petitioner "since the last

superior court filing [on] October 21, 2013," and this makes it

difficult to meet court deadlines.  Pet'r Next Friend Mot. at 1-

2.  These circumstances make Petitioner no different from the

many pro se prisoners who appear in federal court.  To the extent

Petitioner requires more time to meet court deadlines, he may

obtain extensions of time upon a showing of good cause, like the

---

[1] Petitioner's claim of incompetency is unavailing as it is not based on mental incompetency and, instead, it is based on the fact that the state superior court denied his pro se petition as "improperly brought" and "untimely."  Pet'r Next Friend Mot. at 3.

[2] Petitioner states that Mr. Lewis is a "person with a paralegal history."  Pet'r Next Friend Mot. at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  extension he was granted in the Court's August 5, 2015 Order.

2      Petitioner seems to meet the second prong of the test, which

3  requires that the putative next friend have both a significant

4  relationship with the real party in interest and true dedication

5  to his or her interests.  See Coalition of Clergy, Lawyers and

6  Professors v. Bush, 310 F.3d 1153, 1161-62 (9th Cir. 2002).

7  Petitioner has included a document entitled, "Proxy Agreement,"

8  which describes the nature of their relationship or avers that he

9  trusts that Mr. Lewis is truly dedicated to his interests.  Pet'r

10  Next Friend Mot., Attach. at 5-7.  The Court notes that Mr. Lewis

11  has submitted a declaration indicating that he is willing to

12  "accept the proxy" and continue helping Petitioner, who he

13  believes is an "innocent man."  Id. at 10.  However, given the

14  ready availability of reasonable time extensions to allow

15  Petitioner to continue to receive help from Mr. Lewis if he

16  wishes to do so and still meet Court deadlines, and his failure

17  to satisfy the first prong of the "next friend" test,

18  Petitioner's motion is DENIED.

19      As mentioned above, Petitioner has been granted an extension

20  of time to file his opposition to Respondent's pending motion to

21  dismiss.  His opposition is due on October 5, 2015.  Respondent

22  shall file with the Court and serve on Petitioner a reply within

23  fourteen days of receipt of an opposition.

24      This Order terminates Docket No. 16.

25      IT IS SO ORDERED.

26  Dated: September 9, 2015

27  _____

28  CLAUDIA WILKEN
    United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETROIS TERRELL DIXSON,

   Plaintiff,

  v.

JEFFREY BEARD,

   Defendant.

Case No.  14-cv-05069-CW

**CERTIFICATE OF SERVICE**

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on September 9, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demetrois Terrell Dixson ID: DOC No. F-23400
La Palma Correctional Center (LPCC)
5501 North La Palma Road
Eloy, AZ 85131

Dated: September 9, 2015

Susan Y. Soong
Clerk, United States District Court

By:_____
Nichole Peric, Deputy Clerk to the
Honorable CLAUDIA WILKEN